CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 22 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARY JEWEL KING, | ) | Civil Action No. 7:09-cv-00501 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, | ) | By: Hon. James C. Turk |
| Respondent. | ) | Senior United States District Judge |

Gary Jewel King, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner argues that he is entitled to state sentencing credit for time he spent in federal custody after his federal conviction. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, the court grants respondent's motion to dismiss.

I.

On July 22, 2003, the court entered petitioner's federal criminal judgment for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). United States v. King, No. 1:02-cr-94-1 (W.D. Va.). The Circuit Court of Wythe County subsequently entered petitioner's state criminal judgment on August 13, 2003, while petitioner was in federal custody. The circuit court sentenced petitioner to serve five years incarceration. Petitioner did not appeal the state-court judgment, and his state-court conviction became final on September 12, 2003. Federal authorities released petitioner to the VDOC's sole physical and legal custody on December 22, 2006, at the expiration of his federal sentence. While in the custody of the Virginia Department of Corrections ("VDOC"), petitioner received his first legal update[1] on March 14, 2007.

---

[1] A legal update sheets informs a VDOC prisoner of his total sentence, entry date into the VDOC system, applicable jail credit for a previous incarceration, any applicable parole release, and an anticipated "good time" release date. See Taylor v. Hinkle, 2009 U.S. Dist. LEXIS 68688, *6-7 (E.D. Va. Aug. 6, 2009); Almond v. Sisk,

Petitioner filed his state habeas petition with the Supreme Court of Virginia no earlier than July 15, 2009. The Supreme Court of Virginia dismissed the petition on September 15, 2009, because it was not timely filed and because no writ would issue for "any allegation the facts of which the petitioner had knowledge at the time of filing any previous petition," pursuant to Virginia Code § 8.01-654(A)(2) and (B)(2), respectively.

Petitioner filed the instant petition on September 20, 2009, when he deposited it in the prison mailing system. See Houston v. Lack, 487 U.S. 266 (1988) (describing prison-mailbox rule). Petitioner argues that 340 days of good time credit have not been applied to his Virginia sentence, which is the same claim he presented to the Supreme Court of Virginia.

## II.

### A.

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[2] Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party

---

2009 U.S. Dist. LEXIS 68668, *5 (E.D. Va. Aug 6, 2009); Dial v. Johnson, 2009 U.S. Dist. LEXIS 55117, *8-9 n.4 (E.D. Va. Jun. 24, 2009); Huff v. Commonwealth, 2008 U.S. Dist. LEXIS 51635, *2 (E.D. Va. Jul. 7, 2008) (describing contents of a legal update sheet).

[2]The parties received reasonable and explicit notice of the possibility that the court may convert a motion to dismiss that references matters outside the pleadings into a motion for summary judgment when the Clerk issued a timely Roseboro notice. See Fed. R. Civ. P. 12(d).

2

has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts admissible as evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); id. at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248. Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991). A court may not resolve disputed facts nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility, Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

B.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28

U.S.C. § 2244(d)(1).[3] Petitioner's statute of limitations began running, at its latest, on March 14, 2007, the date on which he could have discovered the factual predicate of his claim by reviewing his legal update. See id. § 2244(d)(1)(D).

Petitioner argues that he did not become actually aware of his claim until he received a letter from Donna Smith, a VDOC Time Computation Specialist,[4] sometime after July 7, 2009. (Pet.r's resp. to cond. filing order (no. 4) 3, 7.) This letter told plaintiff that the 340 days of credit was previously used as credit toward his federal sentence and would not be credited toward his state sentence.

However, the statute of limitations did not begin when petitioner actually became aware of the facts underlying his claim; it started when the factual predicate of the claim could have been discovered by due diligence. Respondent attached an affidavit of the Manager of the VDOC section responsible for calculating petitioner's legal update. The Manager avers that petitioner's first legal update sheet was generated on March 14, 2007, and forwarded to

---

[3] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

[4] Petitioner states in his petition that he did not become aware of the allegedly misapplied credit until after he "received notice from Gary Bass." (Pet. 14.)

4

petitioner's facility.[5] The Manager attached this 2007 legal update sheet to her affidavit, and it reflects the March 29, 2011, good-time release date petitioner alleges he knew of only after receiving Smith's letter in July 2009. Therefore, the court finds that petitioner could have discovered the factual predicate of his claim more than two years before filing the instant habeas petition.

However, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). The court tolls the period between July and September 2009 while petitioner's state habeas petition was pending. Taking this tolling into consideration, more than 730 days still ran between when petitioner could have become aware of his claim and when he filed the instant petition. Accordingly, the court grants the respondent's motion for summary judgment because the petition is time-barred.[6]

III.

For the foregoing reasons, the court grants respondent's motion for summary judgment. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

---

[5]Petitioner does not aver that he did not receive this legal update.

[6]Petitioner acknowledges in his response to the motion for summary judgment that the Commonwealth of Virginia arrested petitioner first but then released him on bond. While on bond, petitioner acknowledges that federal authorities arrested him, placed him in custody for 340 days without bond, and sentenced him to five years incarceration. Petitioner was incarcerated for less than four year after the federal judgment by the application of good conduct time and the prior jail-time credit. Thus, the federal authorities credited petitioner's 340 days in pre-sentencing custody toward his five-year post-sentencing incarceration, and petitioner is not entitled to the same credit twice. Furthermore, petitioner's claims of double jeopardy are without merit. See, e.g., Heath v. Alabama, 474 U.S. 82, 88 (1985). Moreover, petitioner may attack his federal conviction via a motion under 28 U.S.C. § 2255, not a petition under § 2254.
5

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 23rd day of April, 2010.

/s/ James C. Turk
Senior United States District Judge